Filed
D.C. Superior Court
11/26/2018 01:36PM
Clerk of the Court

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| JONATHAN THORNTON<br>82 Galveston Street, SW, #302<br>Washington, DC 20032 | * |
| | * |
| Plaintiff | * |
| | * |
| Vs. | *   Case No.: **2018 CA 008065 V** |
| | * |
| WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY | * |
| **Serve:** Resident Agent<br>Carol O'Keefe, Esq.<br>General Counsel<br>600 Fifth Street, NW<br>Washington, DC 20001 | * |
| | * |
| AARON EUGENE EDWARDS<br>1447 Smith Place, SE<br>Washington, DC 20032 | * |
| | * |
| KEVIN CLARK<br>7701 Kirby Manor Court<br>Clinton, MD 20735 | * |
| | * |
| DANEEKA TERESA TARRANCE<br>3852 Halley Terrace, SE<br>Washington, DC 20032 | * |
| | * |
| Defendants | * |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## COMPLAINT

COMES NOW the Plaintiff, Jonathan Thornton by and through his attorneys Kemet Hunt Law Group, Inc., and Hughie D. Hunt, Esq., and sues the Defendants, Washington Metropolitan Area Transit Authority (hereinafter "WMATA"), Aaron Eugene Edwards, (hereinafter "Defendant Edwards"), Kevin Clark, (hereinafter "Defendant Clark") and Daneeka Teresa Tarrance, (hereinafter "Defendant Tarrance"), and states as follows:

1. That the Plaintiff Jonathan Thornton is a resident of the District of Columbia;

2. That the Defendant, Washington Metropolitan Area Transit Authority is a quasi government entity with its principal office located in the District of Columbia;

3. That Defendant Edwards is a resident of the District of Columbia;

4. That Defendant Clark is a resident of the State of Maryland;

5. That Defendant Tarrance is a resident of the District of Columbia;

6. That Defendant Edwards is employed by Defendant WMATA.

7. That the amount that the Plaintiff's claims exceeds $20,000.00;

8. That on December 1, 2016, in the District of Columbia, the Defendant Tarrance was the driver of a vehicle that struck Metro bus where Plaintiff was a passenger, causing severe injuries to Plaintiff;

9. That Defendant Clark is the registered owner of 1996 Dodge Ram 1500, that collided into the Metro bus and as the registered owner of the vehicle is responsible for all actions of Defendant Tarrance the driver of the Dodge Ram;

10. On December 1, 2016, Defendant Edwards, while on duty and in the furtherance of Defendant WMATA's business interests caused the accident that led to the Plaintiff to sustain injuries;

11. The above described acts of Defendant Edwards were committed within the scope of his employment with Defendant WMATA in that Defendant Edwards committed them while on duty, and in the furtherance of Defendant WMATA, business objectives;

12. As Defendant Edwards' employer, Defendants WMATA, is responsible for all of the acts committed by Defendant Edwards within the scope of his employment with WMATA.

## NEGLIGENCE

13. That Plaintiff incorporates by reference herein all of the allegations as stated in paragraphs One through Twelve of this Complaint.

14. Defendant Tarrance operated the vehicle in a negligent and careless manner by making an unsafe left turn and then sideswiping the vehicle which Plaintiff was a passenger;

15. Defendant Tarrance had a duty of care to operate the vehicle in a proper fashion, and breached this duty of care by failing to operate the vehicle in a safe and proper manner;

16. Defendant Edwards was operating the metro bus in a negligent manner causing the accident by failing to yield the right of way, following too closely, and striking the Dodge Ram Truck;

17. Defendants negligence proximately caused Plaintiff to suffer serious injuries to his body and limbs, and to suffer great mental anguish, loss of work, wages and property damage. All such injuries were caused solely by the negligence of Defendants without any negligence by Plaintiff;

18. Defendants owed to Plaintiff a duty to use due care and caution in the operation and control of the motor vehicle which he was driving and was required to drive with care to reasonably protect the safety, health and life of Plaintiff and to obey the traffic ordinances of the District of Columbia, and the Motor Vehicle Code of the District of Columbia and the rules of the common law;

19. Contrary to the duties owed to Plaintiff, Defendants were negligent, careless, and reckless in several respects, including but not limited to the following:

   a. Failing to exercise reasonable and ordinary care to keep a sharp lookout to avoid causing the collision;

20. As a proximate result of Defendants' negligence, Plaintiff sustained personal injuries to his body and was caused to suffer and sustain medical expenses, pain, suffering, inconvenience, loss of earning capacity, and an interruption in her normal activities.

Wherefore, Plaintiff requests judgment against Defendants Daneeka Teresa Tarrance, Defendant Kevin Clark and Defendant WMATA in whatever amount in excess of $200,000.00 to which he is found to be entitled, together with interest, costs, and attorney fees.

## NEGLIGENT ENTRUSTMENT

21. That Plaintiff incorporates by reference herein all of the allegations as stated in paragraphs One through Twenty of this Complaint.

22. On December 1, 2016, Defendant Clark allowed Defendant Tarance to drive his vehicle 1996 Dodge Ram 1500;

23. On December 1, 2016, Defendant Tarrance was driving the borrowed 1996 Dodge Ram 1500, when she sideswiped the Metro bus where Plaintiff was a passenger in;

24. Plaintiff, as a member of the public who used the public highways of the state, was a member of the foreseeable class of persons who were at risk of suffering physical harm from Defendant Tarrance's operation of Defendant Clark's vehicle.

25. Defendant Clark's negligence in entrusting the vehicle to Defendant Tarrance and Defendant Tarrance's negligence in operating the vehicle, concurrently and proximately caused injury to Plaintiff.

Wherefore, Plaintiff requests judgment against Defendant Kevin Clark in whatever amount in excess of $200,000.00 to which they are found to be entitled, together with interest, costs, and attorney fees.

Respectfully submitted

**KEMET HUNT LAW GROUP, INC.**

/s/ Hughie D. Hunt
Hughie D. Hunt, Esq.
DC Bar # 486347
5000 Sunnyside Avenue, Suite 101
Beltsville, MD 20705
(301) 982-0888
Attorney for Plaintiff
hhunt@kemethuntlaw.com

## DEMAND FOR JURY TRIAL

Plaintiff, Jonathan Thornton demands a trial by jury as to all issues in this matter.

/s/ Hughie D. Hunt
Hughie D. Hunt, Esq.



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Telephone: (202) 879-1133 • Website: www.dccourts.gov**

JONATHAN THORNTON

Vs.                                             C.A. No.      2018 CA 008065 V

WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Robert E. Morin

Case Assigned to: Judge ROBERT R RIGSBY
Date:   November 19, 2018
Initial Conference: 10:00 am, Friday, February 22, 2019
Location:   Courtroom 201
                 500 Indiana Avenue N.W.
                 WASHINGTON, DC  20001

CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief    Judge    Robert    E.    Morin

CAIO-60

# Superior Court of the District of Columbia

## CIVIL DIVISION - CIVIL ACTIONS BRANCH

### INFORMATION SHEET

Jonathan Thornton

Case Number: 2018 CA 008065 V

vs

Date: _____

Washington Metropolitan Area Transit Authority

☐ One of the defendants is being sued
in their official capacity.

| | |
|---|---|
| **Name:** *(please print)*  Hughie D. Hunt, Esq. | **Relationship to Lawsuit**  ☑ Attorney for Plaintiff |
| **Firm Name:**  Kemet Hunt Law Group, Inc. | ☐ Self (Pro Se) |
| **Telephone No.:** 301-982-0888    **Six digit Unified Bar No.:** 486347 | Other: _____ |

TYPE OF CASE:   ☐ Non-Jury   ☑ 6 Person Jury   ☐ 12 Person Jury
Demand: $ 200,000.00                          Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____ Judge: _____ Calendar #: _____

Case No.: _____ Judge: _____ Calendar #: _____

---

NATURE OF SUIT:   *(Check One Box Only)*

**A. CONTRACTS**

| | | COLLECTION CASES |
|---|---|---|
| ☐ 01 Breach of Contract | ☐ 07 Personal Property | ☐ 14 Under $25,000 Pltf. Grants Consent |
| ☐ 02 Breach of Warranty | ☐ 09 Real Property-Real Estate | ☐ 16 Under $25,000 Consent Denied |
| ☐ 06 Negotiable Instrument | ☐ 12 Specific Performance | ☐ 17 OVER $25,000 Pltf. Grants Consent |
| ☐ 15 _____ | | |

**B. PROPERTY TORTS**

| | | |
|---|---|---|
| ☐ 01 Automobile | ☐ 03 Destruction of Private Property | ☐ 05 Trespass |
| ☐ 02 Conversion | ☐ 04 Property Damage | ☐ 06 Traffic Adjudication |
| ☐ 07 Shoplifting, D.C. Code § 27-102(a) | | |

**C. PERSONAL TORTS**

| | | |
|---|---|---|
| ☐ 01 Abuse of Process | ☐ 09 Harassment | ☐ 17 Personal Injury – (Not Automobile, Not Malpractice) |
| ☐ 02 Alienation of Affection | ☐ 10 Invasion of Privacy | ☐ 18 Wrongful Death (Not malpractice) |
| ☐ 03 Assault and Battery | ☐ 11 Libel and Slander | ☐ 19 Wrongful Eviction |
| ☑ 04 Automobile-Personal Injury | ☐ 12 Malicious Interference | ☐ 20 Friendly Suit |
| ☐ 05 Deceit (Misrepresentation) | ☐ 13 Malicious Prosecution | ☐ 21 Asbestos |
| ☐ 06 False Accusation | ☐ 14 Malpractice Legal | ☐ 22 Toxic/Mass Torts |
| ☐ 07 False Arrest | ☐ 15 Malpractice Medical (Including wrongful death) | ☐ 23 Tobacco |
| ☐ 08 Fraud | ☐ 16 Negligence-(Not Automobile, Not Malpractice) | ☐ 24 Lead Paint |

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

## INFORMATION SHEET, Continued

**D. OTHERS**

**I.**
- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 04 Condemnation (Emin. Domain)
- ☐ 05 Ejectment
- ☐ 07 Insurance/Subrogation
  Under $25,000 Pltf.
  Grants Consent
- ☐ 08 Quiet Title
- ☐ 09 Special Writ/Warrants
  DC Code § 11-941

- ☐ 10 T.R.O./Injunction
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify,
  Vacate Arbitration Award
  (D.C. Code § 16-4315)

- ☐ 25 Liens: Tax/Water Consent Granted
- ☐ 26 Insurance/Subrogation
  Under $25,000 Consent Denied
- ☐ 27 Insurance/Subrogation
  Over $25,000
- ☐ 28 Motion to Confirm Arbitration
  Award (Collection Cases Only)
- ☐ 26 Merit Personnel Act (OHR)
- ☐ 30 Liens: Tax/Water Consent Denied

**II.**
- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
  Certificate

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
  Judgment [D.C. Code §
  2-1802.03(h) or 32-1519(a)]
- ☐ 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- ☐ 21 Petition for Subpoena
  [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27 (a)(1)
  (Perpetuate Testimony)

For individuals not represented by an attorney: ( ) I acknowledge receipt of the Civil Actions Pro Se Handbook.

_____          11/16/18
Signature                                Date

CV-496/October 2018

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Filed
D.C. Superior Court
12/21/2018 18:51PM
Clerk of the Court

Jonathan Thornton

3:47 p.m. Proc. Server (LT)
1-4-19

_____
Plaintiff

vs.

Washington Metropolitan Area Transit Authority

Case Number   2018 CA 008065 V
_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Hughie D. Hunt, Esq.
_____
Name of Plaintiff's Attorney

5000 Sunnyside Avenue, Suite 101
_____
Address
Beltsville, MD 20705

301-982-0888
_____
Telephone

By _____

Clerk of the Court

Deputy Clerk

Date   12/20/2018

如需翻譯,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pourune traduction      Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828로 전화주세요      የተርጓሚ ፈቀዳችሁ አማርኛ (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]

Super. Ct. Civ. R. 4



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

_____
Demandante

contra

Número de Caso: _____

_____
Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 m. el mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_____
Nombre del abogado del Demandante

*SECRETARIO DEL TRIBUNAL*

_____
Dirección

Por: _____

Subsecretario

_____
Teléfono

Fecha _____

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Dé có một bài dịch, hãy gọi (202) 879-4828
만약에 번역을 원하시면(202) 879-4828 로 전화주십시요.     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]

Super. Ct. Civ. R. 4